FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 15 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01423-BNB

JUSTIN THOMAS FLEURY,

    Plaintiff,

v.

JEFFERSON COUNTY SHERIFFS DEPARTMENT,
INVESTIGATOR FARRIS,
SHERIFF TED MINK, and
DISTRICT ATTORNEY SCOTT STOREY,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Justin Fleury, initiated this action on June 11, 2010, by filing a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. He filed *pro se* a Prisoner Civil Rights Complaint on June 17, 2010. Mr. Fleury filed an amended Complaint on July 8, 2010, pursuant to 42 U.S.C. § 1983.

Mr. Fleury has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2006). Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do

1

not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the Court will dismiss the amended Complaint as legally frivolous.

The Court must construe the amended Complaint liberally because Mr. Fleury is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as a *pro se* litigant's advocate. *Id.*

Mr. Fleury asserts a single claim in this 42 U.S.C. § 1983 action that the Defendants violated his rights under the Colorado Constitution. He alleges that "Lindsay Summers fully participated in Justin Fleury's criminal allegations" and "committed crimes against Justin Fleury." Amended Compl., at 3. Mr. Fleury complains that he retained Defendant Investigator Farris to investigate Ms. Summers' criminal activity, but Farris conducted only a minimal investigation and refused to credit Mr. Fleury's statements because he is incarcerated. *Id.* at 4. Mr. Fleury takes issue with the Jefferson County Sheriffs' Department, Sheriff Mink, and Jefferson County District Attorney Scott Storey for failing to arrest and bring criminal charges against Ms. Summers. *Id.* at 3-4. For relief, Mr. Fleury requests that Ms. Summers be held

criminally responsible for her crimes. *Id.* at 8. He also seeks damages for emotional distress. *Id.*

In order to succeed on a 42 U.S.C. § 1983 claim, a plaintiff must prove two elements: (1) he was deprived of a right secured by the Constitution and laws of the United States, and (2) the defendant was acting under color of state law. *See, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Mr. Fleury's allegations do not satisfy the first requirement because he does not allege that he was deprived of a right secured by the Constitution or federal law. The gravamen of Mr. Fleury's complaint is that the Defendants failed to investigate, arrest, and prosecute Ms. Summers for unspecified crimes committed against the Plaintiff. However, it is well established that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." **Linda R.S. v. Richard D.**, 410 U.S. 614, 619 (1973); *see also* **Doyle v. Oklahoma Bar Ass'n**, 998 F.2d 1559, 1566-67 (10th Cir. 1993) (noting that a plaintiff has no federal right to the prosecution of another). This is because "it would be contrary to public policy to allow every private citizen to force the prosecutor to proceed with a case in pursuit of a private objective." **Doyle**, 998 F.2d at 1567 (quoting **Dohaish v. Tooley**, 670 F.2d 934, 937 (10th Cir.1982)). Accordingly, to the extent Mr. Fleury's amended Complaint can be construed liberally as asserting a *federal* constitutional claim against Defendants pursuant to § 1983, the claim is legally frivolous and must be dismissed.

In addition, Defendant Jefferson County District Attorney Scott Storey enjoys

absolute immunity from suit under 42 U.S.C. § 1983 for acts within the scope of his prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976). Mr. Fleury complains that Defendant Storey failed to prosecute Ms. Summers for criminal law violations, conduct that is "'intimately associated with the judicial process'" and is therefore protected by absolute immunity. *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430). A claim against a defendant who clearly is immune from suit is legally frivolous. *Neitzke*, 490 U.S. at 327. Therefore, Defendant Storey is an inappropriate party to this action based on absolute immunity.

Finally, the Court declines to exercise supplemental jurisdiction over Mr. Fleury's state law claim arising under the Colorado Constitution because the 42 U.S.C. § 1983 claim over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the Court declines to exercise supplemental jurisdiction over Mr. Fleury's state law claim. It is

FURTHER ORDERED that the amended Complaint and action are dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).

DATED at Denver, Colorado, this __15th__ day of __September__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01423-BNB

Justin Thomas Fleury
Prisoner No. 141282
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/15/10

                                 GREGORY C. LANGHAM, CLERK

                                 By: _____
                                             Deputy Clerk